Filed 3/10/14  P. v. Elguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>JEREMY ANTHONY ELGUEZ,<br><br>   Defendant and Appellant. | C072570<br><br>(Super. Ct. No. CR53780) |

Defendant Jeremy Anthony Elguez stole his grandfather's Jeep Cherokee and stripped it of parts.  Before trial, defendant pleaded guilty to misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.1--count III), and admitted allegations that he had a prior strike conviction (Pen. Code, § 667, subds. (b)-(i)) and served a prior

prison term (Pen. Code, § 667.5, subd. (b)).[1]  A jury subsequently convicted him of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)--count I).

The trial court sentenced defendant to seven years in prison, awarded 274 days of presentence credit, and orally ordered him to pay the following fines, fees, penalties and assessments:  a $240 restitution fine (§ 1202.4); a $240 parole revocation fine (§ 1202.45); a $40 court security fee (§ 1465.8); a $30 conviction assessment (Gov. Code, § 70373); a "criminal fine in the base amount of $200" (§ 1464); a $140 fine (Gov. Code, § 76000); a $100 fine (Gov. Code, § 70372); $20 (Gov. Code, § 76104.7); $200 (Gov. Code, § 76000.5); $200 (§ 1465.7); and $4 (Gov. Code, § 76000.10).[2]

The abstract of judgment lists the $240 restitution fine (§ 1202.4), the $240 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), which the trial court orally described as a court security fee, and the $30 conviction assessment (Gov. Code, § 70373).

On appeal, defendant contends the trial court erred by failing to specify a valid statutory basis for the $200 "base" fine.  We agree.

The Attorney General argues that because the abstract of judgment lists a different set of fines and fees from those orally imposed, we must strike them from the abstract.  In addition, the Attorney General claims the trial court should have levied a $40 penalty pursuant to Government Code section 76104.7 and a $40 penalty pursuant to Government Code section 76000.5.  The Attorney General adds that the $200 assessment imposed pursuant to section 1465.7 could not be imposed under that statute, and that we should

---

[1] Undesignated statutory references are to the Penal Code.

[2] The probation report had recommended that defendant pay a fine of $899, including penalty assessments, computed as follows:  a $200 base fine; $200 (§ 1464); $140 (Gov. Code, § 76000); $100 (Gov. Code, § 70372); $20 (Gov. Code, § 76104.6); $80 (Gov. Code, § 76104.7); $40 (Gov. Code, § 76000.5); $40 (§ 1465.7); $40 (§ 1465.8); $35 (Gov. Code, § 70373); and $4 (Gov. Code, § 76000.10).

2

modify the abstract of judgment to reflect the trial court's purported intent to impose the assessment pursuant to section 1464.

We will affirm defendant's convictions, prison sentence and award of presentence credit. But we will reverse the sentence to the extent it imposes fines, fees, penalties and assessments, and we will remand the matter for resentencing in that regard. As we explain in this opinion, the trial court must state the statutory basis and amount of any base fine it imposes. In addition, the penalty pursuant to Government Code section 76104.7 should be $40 rather than $20, and the penalty pursuant to Government Code section 76000.5, subdivision (a)(1) should be $40 rather than $200. Moreover, the trial court must explain how it calculates any penalty imposed pursuant to section 1464.

DISCUSSION

I

The trial court orally ordered defendant to pay a "criminal fine in the base amount of $200" pursuant to section 1464. Defendant contends the trial court failed to specify a valid statutory basis for that "base" fine, because section 1464 does not provide for a base fine. Defendant argues that even if the trial court intended to impose a $200 base fine under some other authority and then impose an additional $200 penalty pursuant to section 1464, the trial court failed to explain how a $200 penalty pursuant to section 1464 could be derived from the other fines, penalties, and assessments imposed by the court. Defendant is correct.

Section 1464, subdivision (a)(1), provides in pertinent part that there shall be levied a 10 dollar penalty for every 10 dollars, or part of 10 dollars, of every fine, penalty, or forfeiture imposed and collected by the courts for all criminal Vehicle Code violations (except parking offenses). Accordingly, a penalty imposed under section 1464 cannot be a base fine or a fine in a "base" amount. The penalty must correspond to fines, penalties or forfeitures imposed pursuant to other statutes.

3

The Attorney General asserts that although the trial court did not state a statutory basis for its "base fine," the trial court was apparently referring to "its power to assess a base fine of up to $5000 for the commitment offense, as specifically allowed under Vehicle Code section 10851, rather than under the stated authority of section 1464 which generally addresses the computation of penalty assessments." The Attorney General therefore requests that we modify the abstract of judgment by entering a base fine of $200 pursuant to Vehicle Code section 10851. We decline this request.

The trial court said the fine it imposed in the base amount of $200 was pursuant to section 1464. We will not speculate that the trial court had some other statute in mind, or that it would have imposed a base fine in the same amount had it realized a different statute applied.

The trial court did not explain how it derived the $200 penalty imposed pursuant to section 1464. It is possible the trial court misspoke, inadvertently omitting the $200 base fine recommended by the probation report immediately before the $200 penalty under section 1464, and instead referring to the $200 penalty under section 1464 as the "base amount." But the probation report does not specify a statutory basis for the recommended base fine. Accordingly, we will remand the matter to the trial court with directions to state the statutory basis and amount of any base fine it imposes, and to explain how it calculates any penalty imposed pursuant to section 1464.

II

The Attorney General argues the abstract of judgment "memorializes a different set of fines and fees" from those recited orally by the trial court, and that we must strike all of the fines and fees in the abstract of judgment because the oral pronouncement of sentence prevails over any contradictory written order. (Cf. *People v. Zackery* (2007) 147 Cal.App.4th 380, 385). But the fines and fees listed in the abstract are mandatory. (§ 1202.4, 1202.45, 1465.8; Gov. Code, § 70373.) Moreover, the trial court orally imposed the fines and fees listed in the abstract of judgment; the only difference is that

4

the trial court orally described a $40 court security fee pursuant to section 1465.8, but the abstract lists a $40 court operations assessment pursuant to that section. The abstract does not require correction in this regard. (§ 1465.8.)

The Attorney General next claims the trial court should have levied a penalty of $40 pursuant to Government Code section 76104.7, rather than $20. The Attorney General is correct. The statute provides that "there shall be levied an additional state-only penalty of four dollars ($4) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses[.]" (Gov. Code, § 76104.7, subd. (a).) Because defendant was convicted of two offenses (one by the jury and one by the court on his pretrial plea), the penalty under this provision should be $40.

The Attorney General further asserts that the proper penalty under Government Code section 76000.5 was $40, not $200 as imposed by the trial court. We agree. The statute provides that "in addition to the penalties set forth in Section 76000, the county board of supervisors may elect to levy an additional penalty in the amount of two dollars ($2) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses[.] . . . This penalty shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code."[3] (Gov. Code, § 76000.5, subd. (a)(1).) Thus, there is no basis for imposing a $200 penalty pursuant to Government Code section 76000.5 where, as here, the defendant is convicted of only two offenses.

---

[3] The last sentence means that the trial court must impose this penalty if a county board of supervisors has elected to have it imposed. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528-1529.) The record does not reflect whether the Colusa County Board of Supervisors has done so, but because there was no objection in this case to the imposition of the penalty, we presume proper authorization. (Cf. Evid. Code, § 664.)

Finally, the Attorney General asserts that the $200 assessment imposed under section 1465.7 cannot be imposed under that statute, and requests that we modify the abstract of judgment to reflect the trial court's purported intent to impose this assessment "under the authority of closely related section 1464."

The Attorney General's statement that a $200 assessment cannot be imposed in this case under section 1465.7 is correct. The statute provides in part: "(a) A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464. [¶] (b) This surcharge shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." Absent a properly calculated base fine, we cannot determine what assessment might be properly imposed under section 1465.7.

But we decline the Attorney General's request to modify the abstract to reflect a $200 assessment pursuant to section 1464. On this record, we cannot determine that the assessment would be properly imposed under section 1464. The trial court must consider this matter on remand.

## DISPOSITION

Defendant's convictions, prison sentence and award of presentence credit are affirmed. The portion of his sentence imposing fines, fees, penalties and assessments is reversed, and the matter is remanded to the trial court for resentencing of the fines, fees, penalties and assessments. The trial court is directed to state the statutory basis and amount of any base fine it imposes, and to explain how it calculates any penalty imposed pursuant to section 1464. The penalty pursuant to Government Code section 76104.7 should be $40 rather than $20, and the penalty pursuant to Government Code section 76000.5, subdivision (a)(1) should be $40 rather than $200. The trial court is further directed to prepare a second amended abstract of judgment reflecting the imposition of

6

fines, fees, penalties and assessments, and to forward a certified copy of the second amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                              MAURO            , J.

We concur:

            RAYE            , P. J.

            DUARTE          , J.